**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------- x      ECF Case

**EILEEN A. CLINTON, on behalf of herself and** :
**as Administratrix of the Estate of WILLIAM A.** :
**CHAMPAGNE, JR.,** :
:
      **Plaintiff,** :
:
    -against-           **05 Civ. 9907 (CLB)(LMS)**
:
**BROWN & WILLIAMSON HOLDINGS, INC.,** :
**as successor by merger to AMERICAN** :
**TOBACCO COMPANY and PHILIP MORRIS** :
**USA, INC.,** :
:
      **Defendants.** :
:
---------------------------------------------------------------- x

**DEFENDANT AMERICAN TOBACCO COMPANY'S MEMORANDUM**
**OF LAW IN SUPPORT OF ITS MOTION FOR RECONSIDERATION**

NYI-4013410v1

# TABLE OF CONTENTS

Page

INTRODUCTION ............................................................................................................. 1

ARGUMENT .................................................................................................................... 2

POINT I
    RECONSIDERATION SHOULD BE GRANTED.......................................................... 2

POINT II
    THE COURT FAILED TO CONSIDER THAT PLAINTIFF DID NOT
    ESTABLISH THAT DECEDENT WOULD HAVE READ A
    WARNING IF ONE HAD BEEN GIVEN ...................................................................... 3

POINT III
    THE COURT FAILED TO CONSIDER THAT PLAINTIFF
    OFFERED NO EVIDENCE OF RELIANCE OR INTENT
    AGAINST AMERICAN.................................................................................................. 6

CONCLUSION.................................................................................................................. 9

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Adesina v. Aladan Corp.*, 438 F. Supp. 2d 329 (S.D.N.Y. 2006) ...................................................... 5

*Anderson v. Hedstrom Corp.*, 76 F. Supp. 2d 422 (S.D.N.Y. 1999) ................................................. 5

*Henry v. Rehabilitation Plus Inc.*, 404 F. Supp. 2d 435 (E.D.N.Y. 2005) ....................................... 5

*Smallwood v. Clairol, Inc.*, No. 03-8394, 2005 U.S. Dist. LEXIS 2726 (S.D.N.Y. Feb. 18, 2005) ................................................................................................................... 3-4, 5

*U.S. Fidelity & Guaranty Co. v. Frosty Bites, Inc.*, 350 F. Supp. 2d 508 (S.D.N.Y. 2004) ............ 2

*U.S. Titan, Inc. v. Guanghzhou Men Hua Shipping Co.*, 182 F.R.D. 97 (S.D.N.Y. 1998), *aff'd*, 241 F.3d 135 (2d Cir. 2001) ............................................................................................ 2

*Village Construction Co. v. CED Construction Partners*, No. 03-799, 2005 U.S. Dist. LEXIS 40900 (S.D.N.Y. 2005), *aff'd*, 170 Fed. Appx. 181 (2d Cir. 2006) ......................... 2

## STATE CASES

*Inzerilla v. The American Tobacco Co.*, No. 11754/96, 2000 WL 34016364 (Sup. Ct. Queens Co. 2000) ..................................................................................................... 4

*Perez v. Radar Realty*, 7 Misc.3d 1015(A), 801 N.Y.S.2d 241 (Sup. Ct. Bronx Co. 2005), *aff'd*, 34 A.D.3d 305, 824 N.Y.S.2d 87 (1st Dep't 2006) ............................................... 4-5

*Power v. Crown Controls Corp.*, 149 Misc.2d 967, 569 N.Y.S.2d 674 (Sup. Ct. N.Y. Co. 1990) ), *rev'd*, 189 A.D.2d 310, 596 N.Y.S.2d 38 (1st Dep't 1993) ................................. 5

*Sosna v. American Home Products*, 298 A.D.2d 158, 748 N.Y.S.2d 548 (1st Dep't 2002) ....................................................................................................................... 2, 3, 4, 5

*Upfold v. Generac Corp.*, 224 A.D.2d 1021, 634 N.Y.S.2d 264 (4th Dep't 1996) ......................... 4

NYI-4013217v1

**INTRODUCTION**

Defendant Brown & Williamson Holdings, Inc., as successor by merger to The American Tobacco Company ("American"), submits this Memorandum of Law in support of its motion for reconsideration of the Court's Memorandum and Order, dated July 23, 2007, denying the portion of American's motion for summary judgment seeking dismissal of Plaintiff Eileen Clinton's claims for failure to warn and fraudulent concealment prior to September 11, 1968. As set forth below, American submits that the Court overlooked controlling law and facts that warrant dismissal of these remaining claims.

Plaintiff's failure to warn claim should be dismissed because she has presented no evidence that Mr. Champagne, the Decedent, would have read (a separate issue from whether he would have heeded) an adequate warning if one had been given. In fact, Plaintiff admits that for the more than 35 years that Mr. Champagne smoked cigarettes with federally-mandated warnings on the packages, she has no evidence that he ever read any of them. Proof that Mr. Champagne would have read warnings, if given, is a threshold requirement Plaintiff must satisfy to establish proximate cause. Respectfully, the Court failed to consider this dispositive issue.

With respect to Plaintiff's claim for fraudulent concealment, when the sparse evidence specific to American – which is the only evidence relevant to this claim – is reviewed, it is clear that there are no pre-September 11, 1968 public statements by American in the summary judgment record pertaining to addiction whatsoever, let alone public denials, and there are no public statements by American pertaining to lung cancer that Mr. Champagne would have seen, much less relied upon. Accordingly, there is no evidentiary basis for the Court's conclusion that Plaintiff created a question of fact on the issues of intent or reliance.

# ARGUMENT

## POINT I

### RECONSIDERATION SHOULD BE GRANTED

Reconsideration should be granted where the movant demonstrates that "the Court overlooked factual matters or controlling decisions which might have influenced the earlier decision materially." *Village Constr. Co. v. CED Constr. Partners*, No. 03-799, 2005 U.S. Dist. LEXIS 40900, at * 2 (S.D.N.Y. 2005), *aff'd*, 170 Fed. Appx. 181 (2d Cir. 2006); *see also U.S. Fid. & Guar. Co. v. Frosty Bites, Inc.*, 350 F. Supp. 2d 508, 511 (S.D.N.Y. 2004) (applying same standard to a motion for reconsideration pursuant to Rule 6.3 of the Local Rules of the United States District Court for the Southern District of New York).[1]  American submits that there are two grounds for reconsideration and dismissal of the two remaining claims in this case:  (1) with respect to the failure to warn claim, Plaintiff failed to adduce any proof that Decedent would have read (as distinct from whether he would have followed) an adequate warning had one been given, as required by *Sosna v. American Home Products*, 298 A.D.2d 158, 748 N.Y.S.2d 548 (1st Dep't 2002), and (2) with respect to the fraudulent concealment claim, Plaintiff failed to adduce any proof, specific to American, of its intent to conceal any information pertaining to addiction or of Decedent's reliance on any information Plaintiff alleges American concealed.

---

[1] Because the Court's ruling on American's motion for summary judgment is not a final judgment, American has brought this motion pursuant to Local Civil Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York and not Rule 59(e) of the Federal Rules of Civil Procedure.  *See U.S. Titan, Inc. v. Guanghzhou Men Hua Shipping Co.*, 182 F.R.D. 97, 100-01 (S.D.N.Y. 1998) (finding that Local Rule 6.3 "seeks revision of a ruling that is not yet final."), *aff'd*, 241 F.3d 135 (2d Cir. 2001).

## POINT II

## THE COURT FAILED TO CONSIDER THAT PLAINTIFF DID NOT ESTABLISH THAT DECEDENT WOULD HAVE READ A WARNING IF ONE HAD BEEN GIVEN

In denying American's motion for summary judgment on Plaintiff's failure to warn claim, the Court found that "Plaintiff has presented sufficient evidence that ATC's alleged failure to warn was the proximate cause of Mr. Champagne's injuries." Memorandum and Order at 6. In reaching that conclusion, however, the Court did not address American's argument that Plaintiff failed to adduce any evidence that Mr. Champagne would have read an adequate warning if one had been given.[2] In fact, Plaintiff concedes she has no evidence that Mr. Champagne ever read any of the warnings that were on cigarette packages from 1966 until 2003, when he stopped smoking. *See* American Reply Memo at 2;[3] Def's 56.1 Stmt. at 3, ¶¶ 12-14;[4] Pl's 56.1 Stmt. at 5-6, ¶¶ 12-14.[5] This concession requires dismissal of Plaintiff's failure to warn claim.

As set forth in the controlling New York Appellate Division *Sosna* decision, to establish a claim for failure to warn, it is plaintiff's burden to adduce "proof that the user of a product would have read and heeded a warning had one been given." *Sosna,* 298 A.D.2d at 158, 748 N.Y.S.2d at 549 (citations omitted); *see also Smallwood v. Clairol, Inc.*, No. 03-8394, 2005 U.S. Dist. LEXIS 2726, at *8 n.5 (S.D.N.Y., Feb. 18, 2005) (citing *Sosna* for the proposition that,

---

[2] With respect to proximate cause, the Court addressed only American's argument that Plaintiff cannot show proximate cause because Mr. Champagne "continued smoking for years after federally mandated warnings (which are adequate as a matter of law) were given to consumers." Memorandum and Order at 5. The essence of that specific argument is that Mr. Champagne's failure to stop smoking in response to legally adequate warnings demonstrates that he would not have followed an adequate warning prior to September 11, 1968. The issue of whether Mr. Champagne would have <u>followed</u> an earlier or different warning is separate from the threshold proximate cause issue of whether Mr. Champagne would have <u>read</u> an adequate warning had one been given. It is Plaintiff's burden to offer such evidence and she has failed to do so.

[3] "American Reply Memo" refers to the Reply Memorandum Of Law In Support Of American Tobacco Company's Motion For Summary Judgment, dated December 8, 2006.

[4] "Def's 56.1 Stmt." refers to American's Statement Pursuant To Local Rule 56.1(a).

[5] "Pl's 56.1 Stmnt." refers to Plaintiff's Counterstatement Of Material Disputed Facts Pursuant To Local Rule 56.1 And Response To Defendants' 56.1 Statements.

3

under New York law, plaintiff has the burden to establish that he would have read and heeded a warning had one been given).  *See* American Memo at 5;[6] American Reply Memo at 2.  To allow the proximate cause issue to be tried to a jury without such evidence would invite nothing more than pure speculation.

Citing to *Inzerilla v. The American Tobacco Co.*, No. 11754/96, 2000 WL 34016364 (Sup. Ct. Queens Co. 2000), the Court rejected American's proximate cause argument because "[t]he record includes evidence that Mr. Champagne became addicted to cigarettes at a young age, allegedly without knowing that cigarettes were addictive or harmful, and before adequate warnings were placed on cigarettes or anywhere else."  Memorandum and Order at 6.  Whatever impact Decedent's alleged addiction to cigarettes may have had on his ability to <u>follow</u> warnings, his alleged addiction does not overcome Plaintiff's failure to present any evidence that, prior to September 11, 1968, Mr. Champagne would have <u>read</u> an adequate warning had one been given.

Without any proof that Mr. Champagne would have read a warning, no earlier or different warning could have made a difference.  Thus, numerous New York courts have held that a failure to warn claim fails as a matter of law when plaintiff fails to present evidence that the product user would have read the warning the plaintiff proposed should have been given.  *See, e.g., Sosna* (affirming summary judgment dismissing plaintiff's complaint where plaintiff presented no evidence that he had read the manufacturer's warnings at any time before complained-of injury); *Upfold v. Generac Corp.*, 224 A.D.2d 1021, 1021, 634 N.Y.S.2d 264 (4th Dep't 1996) (finding there can be no causal connection between the alleged failure to warn and the injury where plaintiff conceded he never read the literature accompanying the product from the time of purchase through the time of injury); *Perez v. Radar Realty*, 7 Misc. 3d 1015(A), 801

---

[6] "American Memo" refers to the Memorandum Of Law In Support Of American Tobacco Company's Motion For Summary Judgment, dated October 20, 2006.

4

N.Y.S.2d 241 at *4-5 (Sup. Ct. Bronx Co. 2005), *aff'd*, 34 A.D.3d 305, 824 N.Y.S.2d 87 (1st Dep't 2006) (granting summary judgment for defendant on failure to warn claim where plaintiff never alleged that he ever read the labeling instructions and there was no evidence in the form of an affidavit or deposition testimony about plaintiff's co-worker's use of warnings). The absence of any proof that Mr. Champagne would have read a warning – a lack of proof Plaintiff concedes – is fatal to her failure to warn claim.

To the extent Plaintiff persists in arguing that there is a "heeding presumption" in New York that dispenses with her need to prove Mr. Champagne would have even read a warning, she is wrong. No such presumption exists. *See Sosna*, 298 A.D.2d at 158, 748 N.Y.S.2d at 549 ("Contrary to plaintiff's argument, in this state it remains plaintiff's burden to prove that defendant's failure to warn was a proximate cause of his injury and this burden includes adducing proof that the user of a product would have read and heeded a warning had one been given.") (citations omitted); *see also Smallwood*, 2005 U.S. Dist. LEXIS 2726, at *8 n.5 (same). Plaintiff's attempt to avoid the effect of the New York Appellate Division in *Sosna* in favor of three diversity cases is unavailing. *See* Plaintiff's Memorandum Of Law In Opposition To Defendants' Motion For Summary Judgment submitted in *Mulholland v. Philip Morris USA, Inc.*, 05 Civ. 9908 (CLB) (LMS) at 10. Those cases all rely ultimately on a single New York trial court decision, *Power v. Crown Controls Corp.*, 149 Misc. 2d 967, 569 N.Y.S.2d 674 (Sup. Ct. N.Y. Co. 1990), *rev'd*, 189 A.D.2d 310, 596 N.Y.S.2d 38 (1st Dep't 1993), issued over a decade before *Sosna*.[7] Significantly, the court in *Power* cites no authority for the proposition that there

---

[7] Two of the decisions, *Adesina v. Aladan Corp.*, 438 F. Supp. 2d 329 (S.D.N.Y. 2006), and *Henry v. Rehab Plus Inc.*, 404 F. Supp. 2d 435 (E.D.N.Y. 2005), cite only to the third decision, *Anderson v. Hedstrom Corp.*, 76 F. Supp. 2d 422 (S.D.N.Y. 1999), to support this proposition. The *Anderson* court simply cites to the *Power* case. *Anderson*, 76 F. Supp. 2d at 441.

5

is a heeding presumption in New York.  *Sosna*, a higher and more recent authority, makes clear that there is none.

Here, Plaintiff has adduced no proof that Mr. Champagne would have read a warning, and his alleged addiction cannot create a question of fact on this issue.  What the record does contain, however, is Plaintiff's concession that there is no evidence Mr. Champagne read the warnings that existed on cigarette packages during the more than 35 years that he smoked after warnings were required and prior to his injury, *i.e.*, from the time he was a teenager in 1966 until he quit smoking in 2003.  For this reason, Plaintiff cannot establish proximate cause and her failure to warn claim should be dismissed.

## POINT III

### THE COURT FAILED TO CONSIDER THAT PLAINTIFF OFFERED NO EVIDENCE OF RELIANCE OR INTENT AGAINST AMERICAN

Like Plaintiff's failure to warn claim, her fraudulent concealment claim is asserted only against American and is limited to the time period prior to September 11, 1968.  Memorandum and Order at 6.  The Court denied American's summary judgment motion to dismiss this claim in part on the ground that Plaintiff offered evidence that "Tobacco companies knew about the health hazards of smoking, and yet publicly denied that cigarettes were addictive or caused cancer" and therefore created a question of fact on the issues of reliance and intent.  Memorandum and Order at 7.  The focus of this motion, however, is the lack of evidence in the summary judgment record that American made any public denials as to the addictiveness of cigarettes prior to September 11, 1968, and the lack of evidence that Decedent saw or heard any of the sparse public statements American made concerning the carcinogenicity of cigarettes prior to September 11, 1968 – which the Court found created a question of fact on the issues of reliance and intent.

6

In opposition to American's summary judgment motion, Plaintiff offered only two American documents that pre-date September 11, 1968 and that purport to pertain to addiction.[8] *See* Declaration of Jerome H. Block In Opposition To Defendants' Motion For Summary Judgment ("Block Decl."), dated November 17, 2006, at ¶¶ 195-196.  Both date from 1940 – ten years before Mr. Champagne was born – and there is no evidence that either was ever publicly disclosed.  These documents therefore do not constitute a "public denial" and cannot create a question of fact on the issues of reliance or intent.  As such, at a minimum, Plaintiff's claim for fraudulent concealment should be dismissed to the extent it is premised on allegations of concealment of the alleged addictiveness of nicotine.

Plaintiff's claim for fraudulent concealment that cigarette smoking causes lung cancer should similarly be dismissed.  Plaintiff has offered no evidence that Mr. Champagne saw, much less relied on any of the statements she identified.  Plaintiff's evidence of alleged "public denials" of the health risks of smoking is contained in § V.D of the Block Declaration, under the heading "Defendants Lied To The Public And Claimed That Cigarettes Are Not Addictive And Do Not Cause Cancer."  *See* Block Decl. at ¶¶ 223 to 268.  Of the paragraphs pertaining to the pre-September 11, 1968 period, only three, referring to four alleged company statements, specifically pertain to American:  ¶¶ 241, 242, 246.[9]  Initially, none of the referenced "statements" pertain to addiction – rather, they address the scientific controversy pertaining to smoking and lung cancer.  Two are actually the same statement (*see* Block Decl. at ¶¶ 241-242): The statement was first allegedly made in a press release (*id.* at ¶ 241) and then repeated in the

---

[8] The evidence that Plaintiff has offered in support of her claim of concealment of addiction is set forth in § V.B. of the Block Declaration (¶¶ 188-201), under the heading "Defendants Knew Smoking Their Products Was Addictive, But Fraudulently Concealed Material Information From The Public."  Only two of these paragraphs – ¶¶ 195 and 196 – have any bearing on Plaintiff's fraudulent concealment claim as against American.

[9] Paragraphs 223 through 238 do not refer to any statements by any Defendant.  Rather, they purport to set forth the "creation and purpose of the TIRC, the CTR and the TI."  Block Decl. at 50.

7

New York Times (*id.* at ¶ 242).  Both the press release and the New York Times article were issued in 1953, when Mr. Champagne was three years old.  The last two references are statements in American's annual reports from 1962 and 1964, again pertaining to the scientific controversy of whether smoking causes lung cancer.  Block Decl. at ¶ 246.  There is no evidence that Mr. Champagne saw any of these statements and, significantly, Plaintiff does not argue otherwise.  They cannot, therefore, create a question of fact on the issue of reliance.

The remaining paragraphs in § V.D. of the Block Declaration similarly fail to create a question of fact on the issue of reliance.  Paragraph 244 pertains to Philip Morris and therefore has no relevance to Plaintiff's claim against American.  The statements described in paragraphs 248 through 268 of the Block Declaration post-date September 11, 1968 and therefore have no relevance to Plaintiff's fraudulent concealment claim.

In paragraphs 243, 245, and 247, Plaintiff relies on the declaration and report of her expert, K. Michael Cummings ("Cummings Decl."), and attempts to attribute statements of tobacco industry organizations, *i.e.,* The Tobacco Institute ("TI") and The Tobacco Industry Research Committee ("TIRC"), to American.  While American denies any agency relationship, there is no claim or evidence that Decedent ever saw or relied on the referenced documents.  Initially, Plaintiff admits that American ceased being a member of the Tobacco Institute in 1966.  *See* Block Decl. at 49 n.20.  Thus, the Tobacco Institute publication "The Cigarette Controversy," published in 1968 – two years after American ceased to be a member of TI – is patently irrelevant.  *See* Block Decl. at ¶ 247.  Further, the statements referenced in ¶¶ 243 (the "Frank Statement) and 245 (an interview of Dr. Clarence Little, Director of TIRC), were made in 1954 and 1955, respectively, when Mr. Champagne was four and five years old.  Plaintiff does

8

not contend – nor could she – that Decedent saw or relied on these statements and, as such, they do not create an issue of fact with respect to reliance.

Finally, in paragraphs 239 and 240 of the Block Declaration, Plaintiff does not identify any specific statements, but instead generally refers to pages 24 to 30 of the Cummings Declaration.  Dr. Cummings has identified only two additional American documents that pre-date September 11, 1968 (Cummings Decl. at 25, 28), both of which are internal company documents.  Again, there is no contention – nor could there be – that Mr. Champagne ever saw or relied on these documents.

## **CONCLUSION**

For the foregoing reasons, American respectfully submits that the Court overlooked Plaintiff's failure to present evidence to support essential elements of her claims for failure to warn and fraudulent concealment prior to September 11, 1968.  Accordingly, the Court should grant American's motion for reconsideration and dismiss these remaining two claims.

Dated: New York, New York
       August 7, 2007

       JONES DAY

       By: s\:  Harold K. Gordon
           Harold K. Gordon  (HG-1007)
           Daniel L. Russo  (DR-9881)
           Robert Iscaro (RI-5997)
           222 East 41st Street
           New York, New York 10017
           (212) 326-3939

           Attorneys for Defendant
           Brown & Williamson Holdings,
           Inc., as successor by merger to
           The American Tobacco Company

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 7, 2007, he served the attached Memorandum of Law in Support of American Tobacco Company's Motion For Reconsideration by causing true and correct copies to be delivered by electronic mail to Levy, Phillips & Konigsberg, LLP, 800 Third Avenue, New York, New York 10022, attorneys for Plaintiff, and by electronic mail to Winston & Strawn LLP, 200 Park Avenue, New York, New York 10166-4193, attorneys for Defendant Philip Morris USA Inc.

Dated: New York, New York
August 7, 2007

s\: Harold K. Gordon
Harold K. Gordon (HG-1007)