```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
EILEEN A. CLINTON, on behalf of herself and as    :
administratrix of the estate of WILLIAM A.        :
CHAMPAGNE, JR.,                                   :    05 Civ. 9907 (CS) (LMS)
                                                  :         ECF Case
                                                  :
                    Plaintiff,                    :
                                                  :
    -against-                                     :
                                                  :
                                                  :
BROWN & WILLIAMSON HOLDINGS, INC., as             :
successor by merger to AMERICAN TOBACCO           :
COMPANY, and PHILIP MORRIS USA INC.,              :
                                                  :
                                                  :
                    Defendants.                   :
------------------------------------X
```

**DEFENDANTS' PRELIMINARY
PROPOSED VERDICT FORM**[*]

*Please indicate your answers with a check mark (✔).  The jury must be unanimous as to each answer.*

1. Has Plaintiff proven, by a preponderance of the evidence, that smoking Defendants' cigarettes caused William A. Champagne, Jr.'s lung cancer?

    Yes _____    No _____

    *If your answer to Question 1 is YES, please proceed to Question 2.  If your answer to Question 1 is NO, please proceed no further except to sign and date this verdict form, and return it to the Court.*

<u>Failure to Warn Claim</u>

2. Has Plaintiff proven, by a preponderance of the evidence, that prior to September 11, 1968, American Tobacco had a duty to warn William A. Champagne, Jr. about the health hazards of smoking its cigarettes?

    Yes _____    No _____

---

[*]   This preliminary proposed verdict form is filed subject to the various objections and reservations discussed in the cover pleading accompanying this filing.  By filing this verdict form, Defendants do not waive or abandon any argument previously asserted in this matter.  Defendants also expressly reserve the right to modify or supplement this preliminary proposed verdict form prior to the submission of the case to the jury.

*If your answer to Question 2 is YES, please proceed to Question 3. If your answer to Question 2 is NO, please skip to Question 6.*

3. Has Plaintiff proven, by a preponderance of the evidence, that prior to September 11, 1968, American Tobacco breached its duty to warn William A. Champagne, Jr. about the health hazards of smoking its cigarettes?

    Yes _____    No _____
    *If your answer to Question 3 is YES, please proceed to Question 4. If your answer to Question 3 is NO, please skip to Question 6.*

4. Has Plaintiff proven, by a preponderance of the evidence, that American Tobacco's breach of its duty to warn, prior to September 11, 1968, was a substantial factor in causing William A. Champagne, Jr.'s lung cancer?

    Yes _____    No _____
    *If your answer to Question 4 is YES, please proceed to Question 5. If your answer to Question 4 is NO, please skip to Question 6.*

5. Has Plaintiff proven, by a preponderance of the evidence, that William A. Champagne, Jr. suffered loss or damage as a result of American Tobacco's failure to warn prior to September 11, 1968?

    Yes _____    No _____

    *Please proceed to Question 6.*

Fraudulent Concealment Claim

6. Has Plaintiff proven, by clear and convincing evidence, that prior to September 11, 1968, American Tobacco had a duty to disclose material information to William A. Champagne, Jr.?

    Yes _____    No _____
    *If your answer to Question 6 is YES, please proceed to Question 7. If your answer to Question 6 is NO, please skip to Question 12.*

7. Has Plaintiff proven, by clear and convincing evidence, that prior to September 11, 1968, American Tobacco failed to disclose material information to William A. Champagne, Jr.?

    Yes _____    No _____
    *If your answer to Question 7 is YES, please proceed to Question 8. If your answer to Question 7 is NO, please skip to Question 12.*

8. Has Plaintiff proven, by clear and convincing evidence, that prior to September 11, 1968, American Tobacco intended to defraud consumers when it failed to disclose material information?

   Yes _____     No _____
   *If your answer to Question 8 is YES, please proceed to Question 9.  If your answer to Question 8 is NO, please skip to Question 12.*

9. Has Plaintiff proven, by clear and convincing evidence, that William A. Champagne, Jr. actually relied on American Tobacco's failure to disclose material information prior to September 11, 1968?

   Yes _____     No _____
   *If your answer to Question 9 is YES, please proceed to Question 10.  If your answer to Question 9 is NO, please skip to Question 12.*

10. Has Plaintiff proven, by clear and convincing evidence, that William A. Champagne, Jr. reasonably relied on American Tobacco's failure to disclose material information prior to September 11, 1968?

    Yes _____     No _____
    *If your answer to Question 10 is YES, please proceed to Question 11.  If your answer to Question 10 if NO, please skip to Question 12.*

11. Has Plaintiff proven, by clear and convincing evidence, that William A. Champagne, Jr.'s reliance on American Tobacco's concealment prior to September 11, 1968 caused his injury?

    Yes _____     No _____

    *Please proceed to Question 12.*

Fraudulent Misrepresentation Claim

12. Has Plaintiff proven, by clear and convincing evidence, that Philip Morris made a misrepresentation of material fact regarding Marlboro Lights cigarettes?

    Yes _____     No _____
    *If your answer to Question 12 is YES, please proceed to Question 13.  If your answer to Question 12 is NO, please skip to Question 18.*

13. Has Plaintiff proven, by clear and convincing evidence, that Philip Morris knew that its statement regarding Marlboro Lights cigarettes was false at the time that statement was made?

    Yes _____   No _____
    *If your answer to question 13 is YES, please proceed to Question 14.  If your answer to Question 13 is NO, please skip to Question 18.*

14. Has Plaintiff proven, by clear and convincing evidence, that in making the representation regarding Marlboro Lights cigarettes, Philip Morris intended to defraud William A. Champagne, Jr.?

    Yes _____   No _____
    *If your answer to Question 14 is YES, please proceed to Question 15.  If your answer to Question 14 is NO, please skip to Question 18.*

15. Has Plaintiff proven, by clear and convincing evidence, that William A. Champagne, Jr. actually relied upon Philip Morris's representation regarding Marlboro Lights cigarettes?

    Yes _____   No _____
    *If your answer to Question 15 is YES, please proceed to Question 16.  If your answer to Question 15 is NO, please skip to Question 18.*

16. Has Plaintiff proven, by clear and convincing evidence, that William A. Champagne, Jr. reasonably relied upon Philip Morris's representation regarding Marlboro Lights cigarettes?

    Yes _____   No _____
    *If your answer to Question 16 is YES, please proceed to Question 17.  If your answer to Question 16 is NO, please skip to Question 18.*

17. Has Plaintiff proven, by clear and convincing evidence, that William A. Champagne, Jr.'s reliance on Philip Morris's representation regarding Marlboro Lights cigarettes caused his injury?

    Yes _____   No _____

    *Please proceed to Question 18.*

Damages

18. Did you answer YES on this verdict form to each of Questions 2-5, and/or YES to each of Questions 6-11, and/or YES to each of Questions 12-17?

    Yes _____    No _____

    *If your answer to Question 18 is YES, please proceed to Question 19. If your answer to Question 18 is NO, proceed no further except to sign and date this verdict form, and return it to the Court.*

19. Please state the total amount of damages sustained by William A. Champagne, Jr. If you decide not to make an award, write the word "none."

    $ _____

    *Please proceed to Question 20.*

20. Please state the amount of damages sustained by Eileen Clinton, and each of William Champagne's children, resulting from William A. Champagne, Jr.'s death. If you decide not to make an award, write the word "none."

    | | | |
    |---|---|---|
    | a) | Eileen Clinton | $_____ |
    | b) | Jennifer Champagne | $_____ |
    | c) | William A. Champagne, III | $_____ |

    *If you answered YES to each of Questions 12-17, please proceed to Question 21.*

21. State the total amount of damages, if any, sustained by Eileen Clinton for the loss her spouse's services and society prior to his death. If you decide not to make an award, write the word "None."

    $_____

    *Please proceed to the next section ("Allocation of Fault").*

Allocation of Fault

   *If you answered YES to Question 17 and you also answered yes to Question 5 and/or Question 11, please proceed to Question 22. Otherwise, proceed no further except to sign and date this verdict form, and return it to the Court.*

- 5 -

22. What is the percentage of fault of each defendant in causing William A. Champagne, Jr.,'s lung cancer? The total must equal 100%.

    American Tobacco             _____%

    Philip Morris                    _____%

_____        _____
    Signature of Foreperson                     Date

Once you have completed this form and answered all applicable questions unanimously, the foreperson must send the Court a note so indicating.